## PRESIDENT, DIRECTORS, &c. OF AMHERST BANK *vs.* ITHAMAR CONKEY.

When a deposition is taken in another State, under a commission, and the deponent is inquired of respecting letters written by a party to the suit, and is requested to annex such letters or copies thereof to his deposition, he is not bound to do either : The most that can be required of a deponent in such case, is, to furnish such extracts from letters received by him as relate to the subject of inquiry, upon being paid a reasonable charge for making such extracts.

A deponent, in a deposition taken in another State, under a commission, in answer to an interrogatory, whether he had had any "communications" with the defendant, at whose request the deposition was taken, or with any person known or supposed to be his agent, relating to the subject of the deposition — answered, fully and explicitly, that he had not : In the next interrogatory, the deponent was asked whether he had received or seen any "letter or letters" respecting the subject matter of the deposition; and if so, from whom and to whom, and what were the contents of such letter or letters; and he was requested to annex the original letters, or copies, to the deposition : The deponent answered, that immediately after suit was brought against the defendant, the defendant informed him thereof by letter, and stated that he should be obliged to call on the deponent to attend court or give his deposition ; that the deponent afterwards received several letters from the defendant, in which said suit was occasionally referred to, but that all those letters were principally made up of private matters usually contained in letters between friends, and that he therefore declined to send either the originals or copies, as part of his deposition. *Held,* that the deposition was admissible in evidence, as it did not appear, on the face of it, that the deponent practised any evasion.

FROM the report of *Dewey,* J. before whom this cause was tried at the last April term in Hampshire, it appeared that it was an action of assumpsit on a bill of exchange drawn by Asahel Thayer on L. Knowles & Co. for $5070, bearing date November 2d 1836, payable seventy days from date, and indorsed to the plaintiffs by the defendant. The ground of de-

fence was, that the bill was originally an accommodation bill, drawn and indorsed at the request and for the benefit of the plaintiffs, and which th.y agreed to pay at maturity. To sustain this defence, the defendant offered in evidence the deposition of said Asahel Thayer, taken in another State, under a commission ; to the admission of which deposition the plaintiffs objected, on the ground of the deponent's omission to answer fully the 14th cross interrogatory, and to annex the papers therein asked for. The objection was overruled and the deposition admitted. A verdict was returned for the defendant, upon which judgment was to be rendered, if said deposition was properly admitted ; otherwise, a new trial was to be granted.

The 13th cross interrogatory, and the answer thereto, are to be referred to, as bearing upon the question. The 13th and 14th cross interrogatories, and the answers, were as follows :

13th. Have you had any communications with said Conkey, or any person known or supposed to be an agent of said Conkey, in relation to the subject of your deposition ? If yea, what communications, and where ? To this interrogatory the witness answered in the negative, as to all its particulars.

14th. Have you received or seen any letter or letters in relation to the subject matter of this deposition ? If yea, from whom and to whom, and what were the contents of such letter or letters ? What is a true copy of such letter or letters ? Please to annex the original letters, or copies thereof, to this deposition. *Answer.* Immediately after suit was commenced by said bank against said Conkey, said Conkey wrote to me, informing me of the fact, and stated that as he knew me to be acquainted with all the facts in the case, he should be obliged to call me to Northampton, as a witness in the case, or take my deposition. Since that time, I have received several letters from said Conkey, he being the only regular correspondent I have in Amherst, in which he has occasionally referred to said suit pending. All of said letters being principally made up of private matters usually contained in epistolary writing between friends, I conceive to be uncalled for in court, as matters of public examination, and I therefore decline sending either the originals or copies, as part of my deposition.

To the 12th cross interrogatory the deponent had answered expressly, that neither of the preceding interrogatories or cross interrogatories had been read to him, or the contents thereof, in any way, been made known to him, before he was called upon to answer them in the order in which they stood in the commission.

*Wells & Forbes*, for the plaintiffs.

*R. A. Chapman & Huntington*, for the defendant.

HUBBARD, J. The only question in this case arises upon the ruling of the presiding justice, in admitting the deposition of Asahel Thayer to be read in evidence to the jury. If this ruling was correct, judgment is to be entered on the verdict; if otherwise, a new trial will be granted.

The objection to the admission of the deposition is grounded on the deponent's answer to the 14th cross interrogatory, in which he declines to annex certain letters received from the defendant, or copies of them; and in considering the objection, the preceding interrogatories and answers are to be referred to, in order to arrive at a correct conclusion.

The argument, on the part of the plaintiffs, is substantially this; that there is in fact a refusal by the witness to answer a material and pertinent question — that is, a refusal to annex letters, or copies of them, received from the defendant after the commencement of the plaintiffs' suit against him — and that in regard to the letters referred to, as received by him, he does not state that they contained nothing material, but admits, by implication, that they do contain something important to the plaintiffs' cause.

To this the defendant replies, that the deponent's answer to the 13th cross interrogatory negatives the plaintiffs' supposition that the letters contained any thing material, and that in the answer to the 14th cross interrogatory, he has stated, in substance, what the letters contain, though he does not annex them; and if not, still the call on the deponent was too broad, and he was not required to furnish the original letters or to make copies of them. The answer to the 13th cross interrogatory expressly denies his having had any communication with the defendant, or with any person in his behalf, in relation to the

39*

subject of his deposition, and we therefore think it negatives the supposition that any letters were received by the deponent in relation to the manner of his testifying in answer to the several interrogatories put to him under the commission. But we are of opinion that the answer to the 13th cross interrogatory does not afford a complete reply to the 14th, and that the distinction, as contended for by the plaintiffs' counsel, may reasonably be made between the words, "communications," and "letters," as used in the two interrogatories ; a difference which the deponent himself understood. And it appears to us, that the 13th cross interrogatory grows directly out of the preceding one, and relates to any facts which may be supposed to have taken place in immediate connexion with the giving of the deposition, and not to what might have passed between the defendant and the witness prior to the date of the commission for taking the deposition ; and we are therefore called upon to consider the 14th cross interrogatory and answer, and to decide upon them whether the deposition ought to be rejected.

The question put to the witness is, whether he has received or seen any letter or letters in relation to the subject matter of the deposition ; and then, from whom the letters came, by whom received, and what were their contents ; then to state what is a true copy, and to annex the originals or copies.

The answer acknowledges the receipt of letters from the defendant, one of which the deponent says informed him of the fact of the commencing of the plaintiffs' suit, and that as he, the deponent, was acquainted with the facts, he should either need him as a witness, at Northampton, or should require his deposition ; and in the other letters, he says there was an occasional reference to the suit, but they were made up principally of private matters, and therefore he declined sending copies of them, or the originals.

We know of no fixed and undeviating rule to which questions can be subjected, arising upon the admissibility (or rejection) of depositions taken in a foreign country or a distant State ; and we can only apply a sound discretion in deciding on particular cases as they arise, using such light as is afforded by

cases which have been the subject of discussion. And in the case before us, we are of opinion that the call upon the deponent was too broad, and imposed a task upon him that he was not bound to execute. The inquiry is not confined to letters received by the witness, nor to letters written by the defendant ; but it extends to any letters on the subject, which may have been seen by the deponent, or have been read by him ; and he is not requested to furnish extracts of the parts relating to the suit, but to send the originals or true copies of the whole letters. Now we are not aware of any rule making it the duty of witnesses living abroad to send the original letters addressed to them by a correspondent, though the writer may be one of the parties to a suit in which the testimony of the witness is required. The letters may relate to other and important matters, and the possession of them may be material for the witness in regard to his own business. They may relate to his own conduct as an agent or factor, and upon which he may rely for a justification of his agency ; or they may contain private matters, which he is under a moral obligation not to disclose to the world. And again ; we do not think that a witness is obliged to furnish copies of letters, at the mere call of a plaintiff or defendant who hopes to reap some benefit from their production ; for if the copy of one letter is called for, where is the limit, and why not demand the whole correspondence ? In the case of *Savage* v. *Birckhead*, 20 Pick. 173, the court decided that a clerk was not bound to make extracts from a merchant's books, compare them with the originals, and annex them to his deposition ; and that "if the books were to be used at all, the defendants were entitled to the benefit of having the whole contents of them introduced, so far as pertinent to the same subject."

The most, we think, that can reasonably be required of a witness, in such a case as the present, is to furnish true extracts from such letters received by himself as relate to the subject of inquiry, and to make oath to their verity, upon being paid a reasonable charge for the making of such extracts. And though such a course is not free from objections, still the adverse party may make similar calls for such portions of the letters as he

may think beneficial to himself. And if it should appear that the witness unreasonably refuses to make the extracts, the court can reject the testimony.

When witnesses live beyond the process of the court, inconveniences and evils will occasionally arise in procuring their testimony, which no rules of court can remedy, nor cross-examination counteract ; and parties so situated as to require foreign testimony must often submit to the embarrassments proceeding from depositions imperfectly executed : Embarrassments as often experienced, perhaps, by the one who requires the depositions, as by the other who seeks to counteract them.

In the present case, if the interrogatory had been confined to letters received by the deponent from the defendant, and had merely requested him to furnish true extracts of those parts bearing on the immediate subject in controversy in this suit, and he had declined to comply with such request, we might have felt fully justified in rejecting the deposition. We have examined the deposition, in consequence of the intimation that the deponent admits, by implication, that the letters contain something important to the plaintiffs' cause ; but on a careful perusal of it we see no proof of any fraud practised, or evidence of collusion between the defendant and the witness ; and we do not feel warranted in acting on the mere suspicion and suggestion of improper evasions. We are therefore of opinion, that the exceptions to the admission of the deposition should be overruled, and that judgment should be entered for the defendant on the verdict.